**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **Case No. 2:13-CR-183** |
| | : | |
| **Plaintiff,** | : | **JUDGE WATSON** |
| | : | |
| **v.** | : | |
| | : | |
| **AMER AHMAD,** | : | |
| | : | |
| **Defendant.** | : | |

**UNITED STATES' MOTION TO SENTENCE
DEFENDANT AMER AHMAD *IN ABSENTIA***

The United States of America, by and through the undersigned counsel, submits this Motion to Sentence Defendant Amer Ahmad *In Absentia*. On December 23, 2013, Defendant Ahmad was convicted of one count of conspiracy to commit federal program bribery, honest services wire fraud, and money laundering; and one count of federal program bribery. The Court allowed Ahmad to remain released on bond pending sentencing, but required Ahmad to submit to the supervision of Pretrial Services, appear before the Court as required, and surrender to serve any sentence imposed. Ahmad violated these release conditions by fleeing Mexico and then attempting to gain entry into Pakistan with a false passport. Ahmad took these actions in order to escape from the jurisdiction of this Court and avoid the consequences of his guilty plea. The Court should reject Ahmad's efforts to suspend the resolution of this case, hold a sentencing hearing, and sentence Ahmad *in absentia*.

## I.    BACKGROUND AND PROCEDURAL HISTORY

A grand jury returned an indictment in this case on August 15, 2013. (Doc. No. 1.) The indictment charged Defendants Amer Ahmad, Mohammed Noure Alo, and Joseph M. Chiavaroli with conspiracy, federal program bribery, honest services wire fraud, money laundering, and false

statements. The charges stemmed from Ahmad's direction of a complex bribery scheme while he served as the Deputy Treasurer for the State of Ohio.

Ahmad was subsequently arrested and released on bond with conditions of pretrial release. These conditions required Ahmad to notify the court and his counsel in writing before making any change of residence or telephone number, appear in court as required, surrender as directed to serve any sentence imposed, surrender his passport to the Clerk of the Court, and not obtain a passport or other international travel document.  (Doc. No. 11.)

On December 23, 2013, under the terms of a proposed Plea Agreement (Doc. No. 29), Ahmad pleaded guilty to two charges: one charge of conspiracy to commit federal program bribery, honest services wire fraud, and money laundering; and one charge of federal program bribery.

Following his guilty plea, Ahmad remained released on bond with the same conditions noted above, pending sentencing.  (Doc. No. 31.)  Ahmad resided with his family in Chicago, Illinois, and was supervised by U.S. Pretrial Services in that District.  On April 24, 2014, he violated his release conditions by failing to report as directed, and this Court issued an arrest warrant for Ahmad the next day.  (Doc. No. 47.)  After an investigation, the United States Marshals Service determined that Ahmad fled to Mexico and then to the Islamic Republic of Paskistan.  The FBI's Legal Attache Office in Islamabad, Pakistan has confirmed that Ahmad is being held in Lahore, Pakistan, following his arrest on April 28, 2014.  Ahmad was arrested by the Pakistani authorities for attempting to enter Pakistan with a false passport.   At the time of his arrest, Ahmad had a forged Mexican passport, a fraudulent Pakistani birth certificate, a false Pakistani visa, and $175,000 in cash.

## II.     ARGUMENT

### A.     Defendant Ahmad Should Be Sentenced in Absentia Pursuant to Fed. R. Crim. Proc. 43

Federal Rule of Criminal Procedure 43 states an exception to the general rule that a defendant must be present at sentencing. *See* Fed. R. Crim. Proc. 43(a)(3). Rule 43 provides, in relevant part, that "[a] defendant who was initially present at trial . . . waives the right to be present . . . in a noncapital case, when the defendant is voluntarily absent during sentencing." Fed. R. Crim. Proc. 43(c)(1)(B). Rule 43 further provides that "[i]f the defendant waives the right to be present, the trial may proceed to completion, including the verdict's return and sentencing, during the defendant's absence." Fed. R. Crim. Proc. 43(c)(2).

The decision to sentence a defendant *in absentia* remains in the sound discretion of this Court and is reviewed under a clear error standard. The U.S. Court of Appeals for the Sixth Circuit ruled under a prior version of the rule[1] that it was not clear error for a district court to sentence a convicted defendant *in absentia* when the defendant had escaped from jail shortly after trial and did not attend his sentencing hearing. *See U.S. v. Robinson*, 390 F.3d 853, 887 (6th Cir. 2004). The defendant was apprehended a few days after the sentencing hearing and was in custody by the time the district court entered the sentencing judgment. *Id.* However, the court reasoned that the defendant had waived his right to be present at sentencing by virtue of his absence at his sentencing hearing, and that this right was not reinstated "as a result of [his] capture

---

[1] Although Rule 43 has long provided that a defendant can be tried *in absentia*, the rule was amended in 1995 to make clear that a defendant can be sentenced *in absentia* as well. *See U.S. v. Achbani*, 507 F.3d 598, 601 (7th Cir. 2007).

The version of the rule pursuant to which the defendant in the *Robinson* case was sentenced in absentia read, the "further progress of the trial to and including . . . the imposition of sentence, will not be prevented and the defendant will be considered to have waived the right to be present whenever a defendant, initially present at trial . . . is voluntarily absent at the imposition of sentence." Fed R. Crim. Proc. 43(b)(2) (1995). The rule has since been revised and reorganized, but the substance of the rule has remained the same.

after the hearings but before entry of the judgment." *Id.*

Appellate courts in other circuits have agreed with the Sixth Circuit's analysis. *See U.S. v. Achbani*, 507 F.3d 598 (7th Cir. 2007) (affirming sentence of defendant who disappeared prior to sentencing where his attorney did not know his whereabouts and defendant's former girlfriend had received call from defendant in which he stated that he was out of the country); *U.S. v. Jordan*, 216 F.3d 1248, 1249-50 (11th Cir. 2000) (holding that defendant was voluntarily absent where he escaped from custody following his guilty plea and remained at large on the date of his sentencing hearing).

In another Sixth Circuit case, *United States v. Watkins*, 86 Fed. Appx. 934 (6th Cir. 2004),[2] the appellate court affirmed the defendant's sentence *in absentia* where the district court scheduled the sentencing hearing after the defendant had failed to report to pretrial services. *Id.* at 939. The district court issued a warrant for the defendant's arrest and revoked his bond after he failed to report to pretrial services on two occasions and tested positive for the use of illegal drugs. *Id.* at 935. The court thereafter scheduled a sentencing hearing for defendant, and the defendant remained "at-large" from the time the arrest warrant was issued through sentencing. *Id.* Despite the defendant's attorney's statements at the sentencing hearing that he had spoken with the defendant that morning and that he (the defendant) was on his way to the courthouse but delayed by car problems, when the defendant failed to appear at the sentencing hearing, the district court proceeded to sentence the defendant in absentia. *Id.* at 936. On appeal, the Sixth Circuit upheld the defendant's sentence on the grounds that the district court's finding that the defendant engaged in a pattern of evading legal supervision and arrest supported the conclusion that the defendant was "voluntarily absent" from sentencing. *Id.* at 936-37.

---

[2]A copy of the opinion is attached hereto as Exhibit A. *See* Fed. R. App. Proc. 32.1(b); U.S. Ct. App. 6th Cir. Rule 28.

**B.      Defendant Ahmad's Absence Is Voluntary**

Although a district court must explore on the record any "serious questions" raised about whether the defendant's absence was knowing and voluntary, the evidence in this case clearly demonstrates that Ahmad's absence is voluntary.  *See Achbani*, 507 F.3d at 601-602 (stating that district court's duty to explore such possibilities varies to the extent that defense counsel raised "plausible doubt" that the defendant's absence was voluntary, and finding that evidence ruled out any serious possibility that defendant's absence was not voluntary).   To the government's knowledge, defense counsel here does not claim that Ahmad is involuntarily absent from continuing proceedings in this case.

Further, Ahmad was personally advised, twice, regarding the conditions of his bond, and had numerous contacts with Pretrial Services immediately following his conviction.   The government proffers to the Court, and the evidence establishes that Ahmad willfully disobeyed the conditions of release set by this Court, made false statements to Pretrial Services, falsified travel documents, and fled the United States voluntarily to avoid serving a term of imprisonment. While it is true that Ahmad is currently incarcerated in Pakistan, his incarceration is related to violations of Pakistani customs and immigration violations, and is not for the purpose of returning him to the United States.   Further, although an extradition request has been prepared, the government has no assurance that the Pakistani authorities will extradite Ahmad to the United States.   By way of example, the last extradition from Pakistan to the United States occurred in June 2006.   The extradition request for that case, however, was submitted eleven years prior to that, in September 1995.   Pakistan arrested the fugitive in 1999, but there was still a delay of seven years before the fugitive was returned to the United States.   Further, there are currently approximately ten extradition requests pending with Pakistan, with the oldest pending request submitted nine years ago.   Given this history, there is substantial uncertainty as to when, if ever,

Ahmad will be returned to the United States.   The government therefore submits that the proper course here is to proceed with Ahmad's sentencing.

## III.    CONCLUSION

Based upon the foregoing, the United States of America respectfully requests that this Court schedule a sentencing hearing for Ahmad and proceed with sentencing him *in absentia*.

Respectfully submitted,

MARK T. D'ALESSANDRO
First Assistant United States Attorney
Southern District of Ohio

s/Douglas W. Squires
DOUGLAS W. SQUIRES (0073524)
Assistant United States Attorney
Attorney for Plaintiff
303 Marconi Boulevard, Suite 200
Columbus, Ohio 43215
(614)469-5715
Fax: (614)469-5653
Douglas.Squires@usdoj.gov

JACK SMITH
Chief
Public Integrity Section
Criminal Division
U.S. Department of Justice

s/Eric L. Gibson
ERIC L. GIBSON (PA 76702)
MENAKA KALASAR (CA 270748)
Trial Attorneys
Attorneys for Plaintiff
Public Integrity Section
Criminal Division
U.S. Department of Justice
1400 New York Avenue NW, Suite 12100
Washington, DC 20005
(202) 514-1412
Fax: (202) 514-3000

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that this forgoing Motion to Sentence Defendant Amer Ahmad in Absentia was served this 28th day of August, 2014, electronically on all parties of record.

s/Douglas W. Squires
DOUGLAS W. SQUIRES (0073524)
Assistant United States Attorney